FILED
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

2015 MAR 26  PM 12: 44

S.D. OF N.Y.W.P.

| | |
|---|---|
| FARKHAD MURADOV, | |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| FORSTER & GARBUS LLP, | |
| Defendant. | |

15 CV 2276

JUDGE ROMAN

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer against Defendant Forster & Garbus LLP for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction is conferred by 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue in this District is proper under 28 U.S.C. § 1391 b(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## PARTIES

5. Plaintiff Farkhad Muradov ("Plaintiff" or "Mr. Muradov") is a natural person who currently resides in Tarrytown, New York, *i.e.* in Westchester County.

6. Mr. Muradov is a consumer as defined by 15 U.S.C. § 1692a(3).

7. Defendant Forster & Garbus LLP (F&G) is a high-volume New York debt-collection law firm, which maintains its principal place of business at 60 Motor Parkway, Commack, NY

11725.

8.      F&G is a debt collector as defined in the FDCPA §1692a(6).

## FACTS

9.      Mr. Muradov was enrolled in a two year graduate program in 2004 and 2005.

10.     Mr. Muradov was forced, due to exigent circumstances, to discontinue his studies in late 2005, one semester prior to completion.

11.     Had he completed his studies, he would have finished in May 2006.

12.     On March 31, 2014, F&G filed four actions in New York Supreme Court, County of Westchester, each seeking reimbursement for loans Mr. Muradov purportedly entered into, in 2004 and 2005, in connection with his course of study (Index Nos. 54708/2014; 54710/2014; 54711/2014; 54712/2014, collectively, "the State Court Actions")

13.     Because these loans related to a graduate program with an expected graduation date in May 2006, these loans would have entered repayment six months later, in November 2006, had Mr. Muradov completed his course of study (and, in fact, went into repayment earlier than that given that Mr. Muradov discontinued his studies one semester early).

14.     Mr. Muradov did not make any payments on the loans.

15.     The State Court Actions thus related to purported defaults that occurred well over six years prior to filing, and were thus outside the statute of limitations and time-barred.

16.     Three of the four State Court Actions (54710/2014; 54711/2014 and 54712/2014) were brought by F&G on behalf of state court plaintiff "SLM Education Credit Finance Corporation".

17.     No such entity is registered with the New York Department of State.

18.     Because SLM Education Credit Finance Corporation is an unregistered foreign corporation, it was not authorized to bring suit in New York at the time F&G filed suit against

Mr. Muradov.

19. In addition, upon information and belief, F&G brought suit on behalf of SLM Education Credit Finance Corporation, when SLM Education Credit Finance Corporation lacked standing, and F&G made misrepresentations with regard to same in its state court complaints in each the three State Court Actions in which SLM Education Credit Finance Corporation is the named plaintiff.

20. The fourth State Court Action, 54708/2014, was brought by F&G on behalf of state court plaintiff "SLM Private Credit Student Loan Trust 2005-B", which is a Delaware trust.

21. No such entity is registered with the New York Department of State or, upon information and belief with any other relevant New York registering authority, as required under New York law (see, e.g. N.Y.B.C.L. Section 1301, *et seq.* and N.Y.G.A.L. Section 18).

22. For this reason, SLM Private Credit Student Loan Trust 2005-B was not authorized to bring suit in New York at the time F&G filed suit against Mr. Muradov on its behalf.

23. In addition, upon information and belief, F&G brought suit on behalf of SLM Private Credit Student Loan Trust 2005-B, when SLM Private Credit Student Loan Trust 2005-B lacked standing, and F&G made misrepresentations with regard to same in its state court complaints in the State Court Action in which SLM Private Credit Student Loan Trust 2005-B is the named plaintiff.

24. On information and belief F&G filed each of the State Court Actions under its attorneys' signatures without conducting any meaningful attorney review of the relevant collection file.

25. Upon information and belief, each of the unlawful practices outlined above – e.g. the filing of time barred suits on behalf of SLM entities, the filing of suits on behalf of SLM entities that are not properly authorized to bring suit in New York, and the filing of suits on behalf of

SLM entities that lack standing, and the filing of suits on behalf of SLM entities without any meaningful attorney review, is not an isolated instance, but rather is F&G's regularly recurring policy and practice.

## CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

26. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

27. Congress enacted the Fair Debt Collection Practices Act to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).

28. By undertaking the above referenced collection activities Defendants repeatedly violated 15 U.S.C. § 1692 *et seq.*

29. By undertaking the above referenced collection activities, Defendant violated 15 U.S.C. § 1692 et seq. Specifically and without limitation:

   a. By filing time barred collection actions, F&G violated 15 USC §§ 1692e; 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

   b. By failing to make a meaningful review of the file prior to filing complaints in each of the four State Court Actions (under attorney signature), F&G violated 15 U.S.C. §1692e(3);

   c. By filing suit on behalf of foreign entities not authorized to file suit in the state of New York, F&G violated 15 USC §§ 1692e; 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

   d. By filing suit on behalf of entities that lacked standing, and making material misrepresentations with regard to standing in the complaints filed in the State Court

Actions, F&G violated 15 USC §§ 1692e; 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1).

30. As a result of Defendants' misconduct, Mr. Muradov has suffered actual damages, including the costs and attorney's fees associated with defending against the State Court Actions, as well as anxiety, stress, pain and suffering.

31. As a result of these violations, Ms. Muradov is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs for this action.

**WHEREFORE,** plaintiff respectfully requests that this Court award:

(a) Declaratory Judgment that Defendant's conduct violated the FDCPA;
(b) Actual damages;
(c) Statutory damages;
(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and
(e) Such other and further relief as law or equity may provide.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:       March 26th, 2014

Respectfully Submitted,

*/s/ Michael Schlanger*
Michael Schlanger, Esq.
Schlanger & Schlanger, LLP
343 Manville Road
Pleasantville, NY 10570
T: 914-946-1981, ext. 102
F: 914-946-2930
michael.schlanger@schlangerlegal.com